**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **CORDARIUS LAWRENCE, M22043,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | **Case No. 25-cv-1006-DWD** |
| **JOHN/JANE DOES 1-3,** | ) | |
| **KIMBERLY WEITL,** | ) | |
| **MISS BUETHER,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff Cordarius Lawrence, an inmate of the Illinois Department of Corrections (IDOC) currently detained at Dixon Correctional Center, brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights at Menard Correctional Center (Menard). Plaintiff's Complaint (Doc. 1) and Amended Complaint (Doc. 12) were dismissed for failure to state a claim, and his Second Amended Complaint (Doc. 15) is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a)-(b). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual

allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Second Amended Complaint

Plaintiff initially filed a second amended complaint on November 24, 2025, but upon a cursory review the Court found that it still lacked necessary details about the individual actions of the alleged John/Jane Doe 1-3 defendants, so Plaintiff was directed to show cause about the ambiguity. The Court specifically stated:

> ORDER TO SHOW CAUSE: On November 24, 2025, Plaintiff filed his second amended complaint wherein he focuses on the conditions of confinement he faced in segregation at Menard Correctional Center from June-December of 2023. In the case caption, Plaintiff names John/Jane Does 1-3, officers who worked the 7a.m.-3p.m. shift, the 3p.m.-11p.m. shift, and the 11p.m.-7a.m. shift. It is not clear from his allegations in the complaint if he means only three officers, Officers A, B, and C, one who worked each shift, or if he is actually attempting to refer to every single officer who worked in his cellhouse for every single shift for six months. While a litigant can use a John or Jane Doe designation to refer to a singular person whose name they do not know, it is not appropriate to use this label to refer to mass groups because the complaint then lacks the level of detail necessary to establish the personal responsibility of each individual within the group. See e.g. Brooks v. Ross, 578 F.3d 574, 580 (7th Cir. 2009) (the vague assertion that "one or more of the Defendants" in a group caused harm is not sufficient to plead personal involvement for a Section 1983 claim). Therefore, Plaintiff is directed to provide further detail about John/Jane Does 1-3 within 21 days. He should focus on describing each defendant with details such as their appearance, the shift such defendant worked at the time, the number of times Plaintiff interacted with them, and which conditions of confinement they knew of and refused to fix. If Plaintiff fails to provide supplemental information, the conditions of confinement allegations in his Second Amended Complaint will be dismissed for failure to state a claim. Plaintiff must file his response to this Order by February 6, 2026.

(Docket entry 16). On February 6, 2026, the Court received Plaintiff's response, which turned out to be an entirely new amended pleading, with the second amended complaint

appended and edited by handwritten interlineation.  (Doc. 18).  The Court will refer to document 18 as the Third Amended Complaint for ease of comprehension.

Plaintiff has dropped all allegations about disciplinary proceedings that resulted in his placement in segregation for six months, and he now focuses only on the conditions of confinement in segregation from June 26, 2023, through December 22, 2023.  (Docs. 15, 18).  Plaintiff alleges that upon being moved to segregation, he immediately observed that his cell was covered in food, dirt, hair, fingernails, toenails, urine stains, and fecal stains.  (Doc. 15 at 2; Doc. 18 at 6).  The toilet and sink appeared as though they had never been cleaned, and the sink often produced brown, black, or cloudy water.  (*Id.*).  His cell and the shower area both contained trash.  (Doc. 15 at 2).  The cleanliness issue worsened in October of 2023 when other inmates threw feces about the gallery.  (*Id.*).

He alleged in the Second Amended Complaint (Doc. 15) that he asked John Does 1-3 for cleaning supplies to no avail.  In the Third Amended Complaint (Doc. 18) he narrows his focus to John Doe and Jane Doe—the five day officers that worked the 7am-3pm shift.  (Doc. 18 at 6).  He alleges he asked them for cleaning supplies and they refused.  (*Id.*).  Plaintiff alleges in the third amended complaint that within a month of confinement in segregation, he began to lose weight and hair, and he felt sick all the time.  (Doc. 18 at 6-7).  He claims he asked John and Jane Doe for relief, to no avail.  (Doc. 18 at 7).

In addition to the filth, Plaintiff alleges there was excessive screaming, singing, rapping, banging, and loud noises from the pipes at all hours.  (Doc. 15 at 3-4).  He claims the noise was so excessive that he could barely speak to the officers.  (*Id.*).  He claims he asked John Does 1 and 2 about it but they refused to do anything despite having the

authority to write excessive noise tickets to quell the cacophony. (Doc. 15 at 3-4). Plaintiff repeats comparable allegations in the Third Amended Complaint, and alleges it caused him sleep deprivation and anxiety. (Doc. 18 at 7). In response to his pleas for assistance, he alleges John Doe said there was nothing he could do, and Jane Doe said the noise comes with restrictive housing. (*Id.*). Plaintiff alleges without assistance his mental health deteriorated and he experienced sleep deprivation, lack of focus and concentration and mental anguish. (*Id.* at 7-8).

Plaintiff alleges that from June to October of 2023 he experienced persistent anxiety, sleeplessness, a reduced appetite, depression, PTSD and auditory hallucinations. He attributes the decline in his mental health to segregation. (Doc. 15 at 5). He reported the symptoms to Defendant Buether, a mental health professional, but she merely gave him a mental health packet to read and refused any other sort of care or services. He filed a grievance which eventually reached Defendant Weitl in late October of 2023, but she offered no assistance. (Doc. 15 at 6). Plaintiff repeats the same allegations against Buether and Weitl in his Third Amended Complaint.

Based on the allegations in the Third Amended Complaint, the Court will designate the following claims:

> **Claim 1:** **Eighth Amendment conditions of confinement claim against John Doe and Jane Doe 5-day officers from 7am-3pm for the totality of the conditions Plaintiff faced from June 2023-December 2023;**

> **Claim 2:** **Eighth Amendment deliberate indifference claim against Defendants Miss Buether and Weitl for their handling of Plaintiff's mental health needs from June-October of 2023.**

The parties and the Court will use these designations in all future pleadings and orders unless otherwise directed by a judicial officer of this Court. Any claim that is mentioned in the Complaint but not addressed in this Order is considered dismissed without prejudice as inadequately pled under *Twombly*. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face").

## Analysis

To establish a conditions of confinement claim, an inmate must establish (1) a deprivation that is, from an objective standpoint, sufficiently serious that it results in the denial of the minimal civilized measure of life's necessities, and (2) where prison officials are deliberately indifferent to this state of affairs. *Gray v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016), *citing Farmer v. Brennan*, 511 U.S. 825, 824 (1994). Conditions may be considered collectively when analyzing a conditions of confinement claim, and the duration of the allegedly harmful conditions is relevant to the existence of an Eighth Amendment violation. *Id.* Many of these conditions standing alone are not sufficient to give rise to an Eighth Amendment conditions of confinement claim, but they must also be considered collectively. *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). Although "the Constitution does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), inmates are entitled to adequate food, clothing, shelter, bedding, hygiene materials, and sanitation. *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009). Ultimately, a plaintiff must establish a discrete physical harm to qualify for compensatory damages. *See e.g., Gray v. Hardy*, 826 F.3d 1000, 1007-08 (7th Cir. 2016) (discussing the PLRA's

physical injury requirement for compensatory damages, as well as the availability of punitive and nominal damages if an inmate can only establish psychological harm).

Here, Plaintiff describes filth in his cell with no ability to clean it, exposure to human waste with no reprieve, murky water, showers polluted with mold and fungi, and prolonged periods of disturbing noise. He alleges that as a result of these conditions, he lost weight, hair, and sleep, he became physically ill, and he suffered a decline in his mental health that required medication. The Court has pressed him for more information or specificity about the individual John or Jane Doe employees. Earlier in this suit, it seemed that Plaintiff was referring to all staff who worked his cellhouse on all shifts. *See* (Doc. 1 at 3 (describing John Doe officers from the 7am-3pm shift, the 3pm-11pm shift, and the 11pm-7am shift)). Plaintiff then moved to naming John/Jane Does 1, 2 & 3 who worked five days a month by his cell—but he still did not make it clear when he interacted with these individuals. (Doc. 15 at 2). Plaintiff has now narrowed his description to John Doe and Jane Doe—correctional officers that were the 5-day officer on the 7am-3pm shift. The Court is unaware if a "5-day officer" is a designated role that a single staff member fills, or if Plaintiff is still describing a larger group of employees. In the text of the Third Amended Complaint, Plaintiff attributes a spoken conversation to a John Doe, and a spoken conversation to a Jane Doe. This suggests that Plaintiff has discrete people in mind, and it is just enough to allow him to proceed at this preliminary juncture.

Before Claim 1 is solidified, Plaintiff must still complete the task of identifying the names of Jane Doe and John Doe. The Warden of Menard will be added to this case to assist. **Plaintiff shall have 21 days to file a notice with a physical description of John**

**Doe and Jane Doe.  He should include things like hair color, height, gender, nicknames, race, and any other information he knows about John Doe and Jane Doe that would help in finding their names.**  If Plaintiff does not file a timely notice, or if his notice makes it apparent that he is trying to identify more than two individuals—then Claim 1 may still be subject to dismissal.  The Court has advised a few times that Plaintiff needed to be specific and needed to focus on the actions of individual employees.  Until he has found the names of two prison employees, Claim 1 is still subject to dismissal.

Claim 2 is adequate to proceed against Defendants Buether and Weitl.  Plaintiff alleges he interacted directly with Buether, presented numerous concerns about his deteriorating mental health, and received essentially no assistance.  He raised the issue to Weitl in detailed written correspondence but alleges she rendered no aid.  At this early juncture, these allegations are sufficient to proceed under the Eighth Amendment.

### Disposition

**IT IS HEREBY ORDERED THAT Claim 1** of the Complaint (Doc. 1) survives against Defendants Jane Doe (7am-3pm 5-day officer) and John Doe (7am-3pm 5-day officer), and **Claim 2** survives against Kimberly Weitl and Miss Buether.

The Clerk shall **ADD** the Warden of Menard in official capacity to help identify Jane Doe (7am-3pm 5-day officer) and John Doe (7am-3pm 5-day officer).  **Plaintiff shall have 21 days to file a notice with descriptive information about Jane Doe (7am-3pm 5-day officer) and John Doe (7am-3pm 5-day officer).  He shall include physical appearance, dates when he interacted with these defendants, nicknames, and any other information he possesses.**  Failure to file a notice may result in the dismissal of the

unnamed parties. Once Plaintiff has filed his Notice, the Court shall set a deadline for the Warden to respond.

The Clerk of Court is **DIRECTED** to prepare for Defendants Kimberly Weitl, Miss Buether, and the Warden of Menard (official capacity): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Third Amended Complaint (Doc. 18), and this Memorandum and Order to Defendants' place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). Pursuant to Local Rule 8.2, Defendants need only respond to the issues stated in this Merits Review Order.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed in forma pauperis was granted. See 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that he is under a continuing obligation to inform the Clerk of Court and each opposing party of any address changes; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 14 days after a change of address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for failure to prosecute. FED. R. CIV. P. 41(b).

The Clerk of Court is **DIRECTED** to enter the standard HIPAA Order in this case because it will involve the exchange of medical records.

Plaintiff's Motion for an Extension of Time (Doc. 17) is **GRANTED** instanter and his Third Amended Complaint was reviewed.

**IT IS SO ORDERED.**

Dated: April 27, 2026

/s/ *David W. Dugan*

_____

DAVID W. DUGAN
United States District Judge

**NOTICE TO PLAINTIFF**

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least 60 days from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take 90 days or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.

The Court wishes to remind the Plaintiff that litigation is often viewed a series of hurdles that the Plaintiff must clear to get to another hurdle. Initial screening is such a hurdle, but it is a very low one for the Plaintiff to clear.  As noted above, surviving initial screening only requires the bare statement of a claim that, if proven, could entitle Plaintiff to some relief. At trial, he will need to prove by a preponderance of evidence that the facts alleged actually occurred and that those facts satisfy the legal requirements for recovery. Trial is the highest and most difficult of hurdles for any Plaintiff to clear.